MAYER, Circuit Judge,
dissenting.
I respectfully dissent, because the district court has misconstrued the terms “coordinate” and “notification region.” The plain ordinary meaning of “coordinate” is quite broad and not limited to a longitude latitude pair. In mathematics, there are many types of coordinate systems and the common ground is that they all define a point. For instance, in a curvilinear system, coordinates are defined with a fixed origin point, and a scalar distance offset from that point along a known curve, such as a section of road. A distance offset necessarily has a “partner” to define a point, as offsets are necessarily set off from another known point. A coordinate should not be construed to exclude defining a point by an offset from another point along a known path.
Moreover, I cannot conclude that because the mobile unit receiving its location with a GPS device determines its location as a longitude, latitude, and altitude in space, we must therefore construe coordinate to have the same format to allow for comparison. Any point described by one coordinate system may be easily converted to another coordinate system for direct comparison. Appellees contend that the plain language of the claims precludes any conversion for comparison purposes because the claim recites using only a single notification coordinate. I am not convinced because a coordinate in this usage appears to be a single unique point in space among many points that collectively define a notification region, not just part of the description of a point. Further support is found in the claims because a notification region is defined by a plurality of notification coordinates. A plurality of points is required to define a region in space. It is consistent to use coordinate in the singular to describe a single point within such a region. Also, the specifica *580 tion often uses coordinate in the singular in the term “geographical coordinate,” which is clearly a point in space.
I therefore agree with VIP that a coordinate can be anything that describes a particular point on a line, on a plane or surface, or in space. This includes a numeric value (a scalar) describing an offset to a fixed point along a known curve.
While not reached by the majority, I also believe that the district court has misconstrued “notification region.” There is nothing in the specification to suggest that a notification region cannot include the point corresponding to the driving event. I believe the district court erred by assuming that a notification region must only include points ahead of the driving event in order for the invention to be useful. I agree that when a driver using the system approaches a driving event at speed, a notification to the user that he or she must perform a maneuver would not be useful, and could even be dangerous, unless it occurred well prior to reaching the driving event. However, the district court erred by assuming that the user would approach the driving event at speed. The driving event could be at a stop sign, or in some other situation where the user is not in motion but is at the point where the user must make a maneuver. In these cases, the notification region would include the point of the driving event.
I would reverse the construction of both coordinate and notification region and remand to review infringement under the correct construction.